IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34945-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHRISTIAN C. SANDSTROM, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Christian Sandstrom appeals a filing fee and DNA[1] fee, imposed as a result of his conviction for second degree robbery. Because the trial court had discretion to strike the fees under RCW 9.94A.777(1) and the record makes apparent the trial court intended to strike all nonmandatory legal financial obligations, we grant Mr. Sandstrom relief and remand this matter with instructions to strike the two fees.

## FACTS

Mr. Sandstrom participated in a competency evaluation and mental health treatment at Eastern State Hospital during the pretrial phase of his criminal case. Although Mr. Sandstrom was deemed competent to stand trial, he received several very serious mental health diagnoses.

---

[1] Deoxyribonucleic acid.

Mr. Sandstrom was convicted after a bench trial. At sentencing, the court imposed a standard range nine-month sentence and twelve months' community custody. The trial court found that "[r]easonable grounds exist to believe [Mr. Sandstrom] is a mentally ill person as defined in RCW 71.24.025, and that this condition is likely to have influenced the offense. RCW 9.94B.080." Clerk's Papers (CP) at 179. As a crime-related condition of supervision, Mr. Sandstrom was ordered to undergo a mental health evaluation and participate in treatment or counseling services.

With respect to legal financial obligations (LFOs), the State requested imposition of a $500 victim assessment fee, a $200 criminal filing fee, and a $100 DNA collection fee, for a total of $800. Defense counsel noted to the court that Mr. Sandstrom was recently approved for disability and qualified for Social Security payments. Defense counsel objected to the LFOs on the basis of indigence, but ultimately agreed to a payment plan of $5 each month beginning on March 15, 2017.

In imposing the LFOs, the judge stated:

> [Mr. Sandstrom], these fines, I don't want to order them, but I don't have a choice, okay? So I just wanted to make sure you knew that. I have to order $500 victim impact, $200 court costs, $100 DNA, and we'll get a payment going at $5 a month starting March 15th of 2017.

1 Report of Proceedings (RP) (Dec. 15, 2016) at 222.

2

In a sworn declaration, Mr. Sandstrom averred that he owned no property, had no income, was unemployed, and had mental health issues and suffered the effects of traumatic brain injury. The trial court found Mr. Sandstrom indigent and granted his motion to pursue this appeal at public expense. He timely appeals.

ANALYSIS

Mr. Sandstrom contends the trial court erred in imposing the criminal filing fee and DNA fee because those fees were waivable under RCW 9.94A.777. We review this matter for abuse of discretion. *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116 (1991).

RCW 9.94A.777 requires that the trial court determine whether a defendant with a mental health condition has the ability to pay any LFOs, discretionary or mandatory, with the exception of restitution or the victim penalty assessment. A "mental health condition" is defined as follows:

> [A] defendant suffers from a mental health condition when the defendant has been diagnosed with a mental disorder that prevents the defendant from participating in gainful employment, as evidenced by a determination of mental disability as the basis for the defendant's enrollment in a public assistance program, a record of involuntary hospitalization, or by competent expert evaluation.

RCW 9.94A.777(2).

3

The parties agree Mr. Sandstrom meets the terms of RCW 9.94A.777. The sentencing transcript reflects Mr. Sandstrom qualified for Social Security disability payments, which constitutes a "public assistance program" evidencing his inability to participate in gainful employment. RCW 9.94A.777(2). The court also found there were "reasonable grounds of mental illness" in regard to Mr. Sandstrom, and his mental condition likely "influenced the offense." RP (Dec. 15, 2016) at 223; CP at 179.

Given the trial court's stated desire to strike any nonmandatory LFOs, it is apparent the court's failure to invoke RCW 9.94A.777 was an oversight. Although Mr. Sandstrom did not raise the issue of RCW 9.94A.777 during the trial court proceedings, the parties agree that review is appropriate under RAP 2.5. *State v. Tedder*, 194 Wn. App. 753, 756-57, 378 P.3d 246 (2016).

While Mr. Sandstrom requests we remand his case for reconsideration of the LFOs under RCW 9.94A.777, the State suggests we simply strike the two contested LFOs. We agree with the State's proposal. It is evident the trial court would not have imposed the filing fee or DNA collection fee had the parties alerted the court to the applicability of RCW 9.94A.777. Given this circumstance, resentencing is unnecessary. In addition, by simply striking the two contested LFOs, we need not address Mr. Sandstrom's equal protection challenge to imposition of the criminal filing fee.

4

No. 34945-4-III
*State v. Sandstrom*

## CONCLUSION

Mr. Sandstrom's case is remanded with instructions for the trial court to strike the

criminal filing fee and DNA fee from the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, A.C.J.

WE CONCUR:

_____    _____
Korsmo, J.                                     Fearing, J.